

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-9-2005

# Cambria Cty Children v. Lucas

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4403

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Cambria Cty Children v. Lucas" (2005). *2005 Decisions.* Paper 1235.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1235

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4403
_____

CAMBRIA COUNTY CHILDREN AND YOUTH SERVICES

v.

EDWARD E. LUCAS,

                                        Appellant
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00126J)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 3, 2005

Before:   ALITO, McKEE and AMBRO, Circuit Judges

(Filed: May 9, 2005)
_____

OPINION
_____

PER CURIAM

       Edward Lucas appeals from the judgment of the District Court granting Cambria

County Children and Youth Services' (CYS) motion to dismiss.  CYS then moved this

Court to quash the appeal, which we will construe as a motion for summary action.

Because no substantial question is presented, we will grant Appellee's motion and affirm

the order of the District Court.  L.A.R. 27.4.  We will also deny Lucas' motion for special immediate relief.

In 2002, the Cambria County Court of Common Pleas terminated Lucas' parental rights with respect to his two children.  Lucas appealed to the Superior Court, which affirmed the judgment.  The Pennsylvania Supreme Court denied a petition for allowance of appeal on May 4, 2004.

Lucas then filed a complaint in the District Court claiming numerous constitutional violations.  Lucas also presents five vague "federal questions," which appear to raise due process concerns.  The District Court characterized the complaint as having three goals: "(1) to seek review of the Plaintiff's [CYS] actions to terminate the Defendant's parental rights, (2) to seek review of the state court orders terminating the Defendant's parental rights, and (3) to request reinstatement of the Defendant's parental rights." Cambria County Children and Youth Servs. v. Lucas, No. 04-cv-00126J, slip op. at 2-3 (W.D. Pa. Oct. 19, 2004).  The District Court granted CYS' motion to quash for want of jurisdiction, and dismissed the complaint as barred pursuant to the Rooker-Feldman doctrine.  The Appellee then moved this Court to quash the appeal.

Application of the Rooker-Feldman doctrine is a question of federal subject matter jurisdiction over which this Court exercises plenary review.  See Whiteford v. Reed, 155 F.3d 671, 672 (3d Cir. 1998).  Rooker-Feldman "prohibits federal courts from exercising subject mater jurisdiction to review final adjudications of a state's highest court or to

2

evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding." Ernst v. Child and Youth Servs. of Chester County, 108 F.3d 486, 491 (3d Cir. 1997) (citations and internal quotations omitted).

The majority of Lucas' claims either expressly or implicitly attempt to reverse the state court decisions.[1] The state courts addressed the termination proceedings and nearly all of Lucas' contentions. See In re Adoption of M.L.L. and E.E.L., III, No. 114 WDA 2003, slip op. (Pa. Super. Ct. July 28, 2003). See also Gulla v. N. Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998) (requiring an examination of the state court holdings to determine if Rooker Feldman applies). Because granting Lucas relief would necessarily invalidate the final judgment of the state's highest court, the District Court did not err in concluding the claims were barred by Rooker-Feldman.

For the foregoing reasons, no substantial question is presented and we will grant Appellee's motion and affirm. For the same reasons, we are without jurisdiction to review Lucas' motion for special immediate relief. The motion is denied.

---

[1] Differing slightly with the District Court's characterization of Lucas' claims, he appears to additionally present five general challenges to the constitutionality of the state court proceedings. However, these claims are intended to reverse the state court decision regarding the children's placement after termination. But cf. Ernst, 108 F.3d at 492 (finding Rooker-Feldman inapplicable because claim would not invalidate state decisions). Even if the claims are construed to survive the Rooker-Feldman question, see D.C. Ct. of App. v. Feldman, 460 U.S. 462, 486 (1983) (finding general constitutional challenges not subject to the state court ruling are not barred from review), Lucas still lacks standing to challenge placement or state placement procedures because his parental rights are terminated. See Davis v. Thornburgh, 903 F.2d 212, 220 (3d Cir. 1990); see also Lewis v. Casey, 518 U.S. 343, 349 n.1 (1996) (declaring standing is jurisdictional).

3